UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| SHERRI L. KEITH-AMICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:24-cv-00178-TWP-KMB |
| | ) |
| CONSUMER LEGAL GROUP P.C. Clerk's Entry | ) |
| of Default Entered on 5/20/2025, | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AND SCHEDULING EVIDENTIARY HEARING ON DAMAGES**

This matter is before the Court on Plaintiff Sherri L. Keith-Amick's ("Keith-Amick") Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b) (Filing No. 13). Keith-Amick initiated this action against Consumer Legal Group P.C. ("CLG"), for violations of the Credit Repair Organizations Act ("CROA"), 15 U.S.C. §§ 1679(b)–1679(d), the Indiana Credit Services Organizations Act ("ICSOA"), the Indiana Deceptive Consumer Sales Act ("IDCSA"), and common law claims for breach of contract and breach of fiduciary duty (Filing No. 1). Keith-Amick filed the instant motion seeking a default judgment after CLG failed to appear or otherwise defend. For the reasons below, Keith-Amick's Motion is **granted** as to liability, and an evidentiary hearing is set on damages.

**I.     BACKGROUND**

CLG is a New York credit repair organization conducting business the Southern District of Indiana to help consumers become debt free and improve their credit score (Filing No. 1 ¶¶ 4, 6). In or around January 2023, Keith-Amick, who resides in the Southern District, enrolled in CLG's debt settlement program and entered a contract with CLG where she agreed to make monthly

payments for its services. *Id.* ¶¶ 4, 11–12. In return for Keith-Amick's enrollment in the program and monthly payments, CLG agreed to attempt to negotiate with Plaintiff's creditors to resolve outstanding debts and improve her credit scores. *Id.* ¶ 9.

Keith-Amick filed this Complaint on December 19, 2024, alleging CLG deceived and misled her and failed to meaningfully engage Keith Amick's creditors in settlement negotiations, resolve her debts, or improve her credit score despite paying no less than $7,000 for the program. *Id.* ¶¶ 19–21. Failure to fulfill these obligations while taking monthly payments, the Complaint contends, violates the CROA, the ICSOA, the IDCSA, and common law contract and fiduciary duties. *Id.* ¶ 1. Despite monthly payments to CLG for at least sixteen months, Keith-Amick was in "a much worse financial position" after the program than she was when she enrolled. *Id.* ¶¶ 21–27.

Keith-Amick issued a summons to CLG on March 11, 2025 ([Filing No. 9](#)). CLG was served with process on March 17, 2025 ([Filing No. 10](#)). CLG failed to answer or otherwise respond to Keith-Amick's Complaint, and the time to do so has expired. (*See* [Filing No. 11](#)). On April 15, 2025, the Plaintiff moved for a clerk's entry of default judgment pursuant to Federal Rule of Civil Procedure 55(a) against CLG ([Filing No. 11](#)). The Clerk entered default against CLG on May 20, 2025 ([Filing No. 12](#)).

Keith-Amick now moves the Court to enter default judgment against CLG pursuant to Federal Rule of Civil Procedure 55(b) in the amount of $16,673.35, including two times her actual damages and attorney's fees and cots ([Filing No. 13 at 2](#)).

## II. LEGAL STANDARD

Obtaining a default judgment entails two steps. First, the party seeking a default judgment must file a motion for entry of default with the clerk of court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint. Fed. R. Civ. P. 55(a). Second, the

moving party must seek entry of a default judgment against the defaulting party. Fed. R. Civ. P. 55(b). The court may enter a default judgment against a party who has failed to plead or otherwise defend itself. Fed. R. Civ. P. 55(b)(2). The decision to grant or deny a default judgment is within the court's discretion. *See Domanus v. Lewicki*, 742 F.3d 290, 301 (7th Cir. 2014) (indicating a decision on default judgment is reviewed for abuse of discretion).

A default judgment establishes the defendant's liability to the plaintiff on the cause of action alleged in the complaint. *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). "'Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true.'" *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). Damages, however, "must be proved unless they are liquidated or capable of calculation." *Wehrs*, 688 F.3d at 892. In this circuit, judgment by default may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co.*, 722 F.2d at 1323.

### III.    DISCUSSION

Because CLG has not responded to the Plaintiff's Complaint, all the well-pleaded allegations of the Complaint relating to liability are taken as true. Those allegations include that CLG violated 15 U.S.C. §§ 1679b(a)(3)–(4), 1679b(b), 1679c, and 1679d; Ind. Code §§ 24-5-15-5(1), (4); and Ind. Code 24-5-0.5-3(a). (*See* Filing No. 1). The allegations also include claims that CLG breached the contract and breached its fiduciary duty to Keith Amick. *Id.*

With liability established, the Court turns to the relief requested. Keith-Amick seeks statutory damages under 15 U.S.C. § 1679g(a)(1) and (a)(3) and Ind. Code § 24-5-15-9 (Filing No. 13 ¶¶ 7, 9–10). The Court finds Keith-Amick is entitled to damages. CLG's failure to comply with 15 U.S.C. § 1679g (a)(1) entitles Keith-Amick to actual damages which are the greater of (A) the

amount of any actual damage sustained by such person as a result of the failure; or (B) any amount paid by the person to the credit repair organization. But the record contains insufficient evidence to determine the amount of damages.

A district court usually must "conduct an inquiry" through hearings to determine the amount of damages with "reasonable certainty." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). However, such proceedings are unnecessary if the "amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.* at 602 (quoting *Dundee Cement Co.*, 722 F.2d at 1323 (7th Cir. 1983)).

Here, Keith-Amick requests a judgment in the amount of $16,673.35 (Filing No. 13 at ¶ 13), but she fails to provide documentary evidence or detailed affidavits to support the figures. Keith-Amick claims this amount represents her actual damages of $7,000, doubled pursuant to Ind. Code § 24-5-15-9, combined with attorneys' fees and costs of $2,673.35. *Id.* ¶¶ 8–11. Without evidence, however, the Court cannot accept those figures absent a hearing.

Allegations regarding damages in the Complaint and the Motion for Default Judgment lack the requisite definiteness too. The Motion alleges that the actual damages are "no less than $7,000." *Id.* ¶ 8. Did she pay more than $7,000? Are her damages exactly $7,000? It is not clear. The Complaint similarly alleges that Keith-Amick paid in to the debt settlement program "no less than $7,000." (Filing No. 1 at ¶ 21). There are no details about when those payments were made and for what purpose. Purportedly, pursuant to the contract, Keith-Amick was obligated to make monthly payments of $200 then $500 per month. *Id.* ¶ 12. She provides no evidence indicating when the monthly fee shifted or when she stopped making payments.

Evidence of attorney's fees and costs is equally deficient. Any successful action to enforce liability under U.S.C. § 1679g (a)(1) entitles Plaintiff to recover the costs of the action and

4

reasonable attorneys' fees. 15 U.S.C. § 1679g (a)(3). But the Affidavit in Support of Plaintiff's Motion for Default Judgment lacks specificity.[1] (Filing No. 14). Plaintiff seeks "reasonable costs and attorney fees of $2,673.35." *Id.* ¶ 5. The affidavit fails to include details separating costs incurred from attorneys' fees. Further, there are no details regarding the number of hours worked or the hourly rate charged. The Court cannot determine whether the fees are reasonable with the information provided.

Plaintiff's counsel requests judgment and requests that the Court "determine the judgment amount." *Id.* ¶ 6. The Court requires an evidentiary hearing to do so.

### IV.   CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion for Default Judgement against the Defendant, Consumer Legal Group P.C. (Filing No. 13). Judgment will be entered in favor of Plaintiff, Sherri L. Keith-Amick in an amount to be determined at a hearing on damages on **January 29, 2026 at 10:00 a.m.**, in Courtroom 344, of the Birch Bayh Federal Building and United States Courthouse, 46 East Ohio Street, Indianapolis, Indiana. Following the hearing, the Court will issue a separate entry on damages and final judgment.

**SO ORDERED.**

Date:   12/31/2025

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

---

[1] The affidavit also mistakenly notes that CLG was served on March 17, 2025, by serving "Shawn", (Filing No. 14 ¶ 2), however the proof of service documents show that the summons was served on "Michael Janes" (Filing No. 10 at 2).

Distribution:

Mohammed O. Badwan
SULAIMAN LAW GROUP LTD.
2500 South Highland Avenue
Suite 200
Lombard, IL 60148

Alexander J. Taylor
SULAIMAN LAW GROUP LTD.
2500 South Highland Avenue
Suite 200
Lombard, IL 60148


 CONSUMER LEGAL GROUP P.C.
C/O USACORP INC.
266 BROADWAY STE. 401
BROOKLYN, NY 11211